George L. MacGREGOR, Jr., Matt Landry, First South–West Investments Company, Inc., and First South–West Associates, Inc., Petitioners,

v.

Jack RICH, individually and as assignee of John Muir Kipp and Rex Kipp, Jr., as assignee of William Marble Kipp, Respondents.

No. 96–0627.

Supreme Court of Texas.

Jan. 31, 1997.

Rehearing Overruled April 18, 1997.

Ronals Scott, W. Stephen Benesh, Reagan Mark Brown, Andrew L. Pickens, Houston, Randy Lee, El Paso, for Petitioners.

Bryan H. Hall, Doris A. Sipes, Malcolm McGregor, John C. Schwambach, Jr., El Paso, for Respondents.

## PER CURIAM.

In this case, we consider whether the court of appeals erred by reversing a trial court's order of dismissal for want of prosecution and for violation of a local rule. We hold that it did. Accordingly, we reverse the judgment of the court of appeals and affirm the trial court's order.

This appeal arises from a dismissal after the plaintiffs, Jack Rich, John Kipp, and William Kipp, did not appear at a hearing on a motion to transfer venue. The trial court's order indicates that three kinds of conduct precipitated the dismissal: (1) counsel's failure to appear at the venue hearing; (2) the plaintiffs' failure to give proper notice of their bankruptcy proceedings and discharges, in violation of El Paso Local Rule 3.10; and (3) a ten-year delay in the prosecution of Rich's and the Kipps' claims.

The court of appeals interpreted this dismissal as a sanction rather than a dismissal for want of prosecution, citing language in the trial court's order referring to the dismissal as a sanction. 932 S.W.2d at 83 n. 3. Applying the analysis for the review of death penalty sanctions based on discovery abuse, which we set forth in *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917–18 (Tex.1991), the court of appeals held that the trial court abused its discretion and remanded the case to the trial court. We hold, however, that the trial court properly dismissed this suit for want of prosecution. We do not reach the issue of whether the court of appeals properly applied the *TransAmerican* requirements outside the context of discovery sanctions.

▇ The trial court's order is ambiguous, because it reasonably could be understood either as a sanctions order under Local Rule 3.10 or as a dismissal for want of prosecution. When an ambiguous order is susceptible to two reasonable constructions, an appellate court should adopt the construction that correctly applies the law. *See Gough v. Jones*, 212 S.W. 943, 944 (Tex. Comm'n App.1919, judgm't adopted); *Garza v. Fleming*, 323 S.W.2d 152, 156 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.).

▇ We review a dismissal for want of prosecution under a clear abuse of discretion standard; the central issue is whether the plaintiffs exercised reasonable diligence. *See Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976). Here, by issuing notices of its intent to dismiss for want of prosecution, the trial court warned Rich and the Kipps on four occasions between 1985 and 1995 to act promptly on their claims. Nevertheless, after serving their petition, one set of interrogatories, and a response to the motion to transfer venue, Rich and the Kipps did nothing to press their claims for eight years.

The plaintiffs attribute their delay in prosecuting this suit to various bankruptcy proceedings between 1987 and 1993 and to difficulty in obtaining their files from counsel between December 1993 and their retention

of present counsel in February 1995. The plaintiffs offered no evidence that the bankruptcies interfered with the prosecution of this suit.[1] Nor did they offer evidence of any attempt to communicate with counsel about the prosecution of this suit before December 1993. Jack Rich and William Kipp had already been discharged from bankruptcy when the trial court dismissed and reinstated this suit in early 1992, yet they waited three more years to take further action. John Kipp, the last plaintiff to emerge from bankruptcy, waited a year to hire new counsel to pursue his claim.

On these facts, we cannot conclude that the trial court acted arbitrarily or unreasonably when it found that the delays unreasonably prejudiced the defense and that the plaintiffs failed to show good cause for reinstatement of the suit. *See Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990). Further, by outlining the basis for its decision in the initial dismissal order and by considering evidence and argument in the hearing on the motion to reinstate, the trial court demonstrated that it made these determinations with reference to guiding rules and principles. The trial court's order, when construed as a dismissal for want of prosecution based on lack of diligence, does not amount to an abuse of discretion.[2] The court of appeals should have adopted that construction and affirmed the dismissal. *See Gough,* 212 S.W. at 944; *Garza,* 323 S.W.2d at 156.

Under Texas Rule of Appellate Procedure 170, we grant Petitioners' applications for writ of error, and, without hearing oral argument, reverse the judgment of the court of appeals and affirm the trial court's order as to the Petitioners.

---

1. An automatic stay under federal law applies to suits and claims brought *against* a bankruptcy debtor, but not to claims brought on the debtor's behalf. *See* 11 U.S.C. § 362.

2. Rich and the Kipps question the evidence supporting a dismissal based on their failure to appear at the venue hearing. Because we find sufficient justification for a dismissal for lack of diligence, we do not reach the question of whether the failure to appear could also support a dismissal.