NO. 07-01-0504-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 1, 2002



______________________________




GEORGE RODRIGUEZ, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;



NO. 3027; HONORABLE WILLIAM D. SMITH, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant George Rodriguez, Jr. seeks to appeal the revocation of his probation
and punishment, assessed by the trial court, at eight years confinement in the Institutional
Division of the Texas Department of Criminal Justice. Finding no reversible error, we
affirm. 

 Following dismissal of an earlier indictment, appellant was charged by indictment
of attempted murder and aggravated assault in July 1996. On August 2, 1996, his attorney
sought a continuance, which was denied. On March 27, 1997, appellant entered a plea
of guilty to the aggravated assault charge pursuant to a plea agreement. The trial court
rendered a judgment of guilt and assessed punishment in conformity with the plea
agreement of ten years probation, a $2,500 fine and a period of community service. Two
subsequent orders amended the terms of probation allowing appellant to reside in Kerr
and Childress Counties, respectively. 

 The State filed a motion to revoke appellant's probation on May 17, 2001, alleging
81 violations of the conditions of his probation. The violations alleged included failing to
report, failing to pay probation fees, or submit financial statements. At the conclusion of
a hearing on the State's motion to revoke conducted November 29, 2001, the trial court
revoked appellant's probation and sentenced him to eight years confinement, a fine of
$2,500, and restitution of $14,887. On appellant's request, the court appointed counsel
on appeal.

 Through his appointed attorney, appellant filed his notice of appeal on December
3, 2001, but a second attorney, David Scott, subsequently filed a motion for new trial
alleging ineffective assistance of counsel on December 5. The court denied the motion
for new trial. Scott has now filed a brief stating that he has thoroughly examined the
record and determined the appeal is without merit. See Anders v. California, 386 U.S. 738,
744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). This brief discusses five potential issues
on appeal and why none show reversible error. Scott has also filed a motion to withdraw
as counsel and informed appellant of his right to file a pro se brief. See Johnson v. State,
885 S.W.2d 641 (Tex.App.--Waco 1994, pet. ref'd). Appellant has filed a pro se brief
asking for appointment of another attorney and elaborating on portions of the Anders brief
filed by his attorney.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 The issues raised in the Anders brief filed by appellant's counsel address 1) the
denial of his motion for continuance, 2 and 3) whether appellant was deprived of effective
assistance of counsel, 4) the denial of his motion for new trial, and 5) whether the trial
court improperly considered appellant's race in determining punishment.

 Trial counsel was appointed on June 18, 2001. Trial counsel's motion for
continuance was filed on November 29, 2001, alleging he had insufficient time to prepare
for trial. The motion did not allege any specific facts which prevented counsel from
preparing his case in the five months since his appointment. We agree the court did not
abuse its discretion in denying the continuance.

 The second and third issues discussed in the Anders brief concern whether his trial
counsel was ineffective in failing to give appellant earlier notice of the revocation hearing
(issue two) and failing to call additional defense witnesses (issue three). Appellant
claimed he only received notice of the revocation hearing the day before it commenced. 
The court relied on letters from the State mailed to appellant showing the hearing date and
the statements of counsel that he notified appellant at least 2-3 days before the hearing.
The record does not reflect how the limited notice could have prejudiced his defense as
required to support a finding of ineffective counsel. See Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 

 The Anders brief filed by counsel extensively discusses the testimony of each
witness appellant contends should have been called by his trial counsel. All but one of the
additional witnesses were character witnesses. Their testimony would not have been
relevant to the 81 alleged violations of appellant's probation. One witness was sought to
advance the defense of self-defense to the original conviction. Counsel on appeal
correctly notes that a motion to revoke may not be used to attack the original conviction. 
Traylor v. State, 561 S.W.2d 492 (Tex.Crim.App. 1978). We agree the failure to call the
additional witnesses did not deprive appellant of reasonably effective assistance of
counsel. 

 The fourth issue discussed in the Anders brief is the trial court's denial of
appellant's motion for new trial. Appellant testified at the hearing on his motion for new
trial and raised each of the issues discussed above. The court found nothing in the
hearing justified a new trial and our review of that hearing reveals nothing to undermine
that finding. Appellant's pro se brief does not identify any such evidence.

 The fifth issue discussed is whether the trial court improperly considered appellant's
race in determining his sentence. Appellant's pro se brief quotes from portions of the
reporter's record where he, the prosecutor and the court discussed his ethnicity and
argues this was improper because he is an American citizen. Even a cursory review of the
record shows that appellant raised the issue of his ethnicity by accusing the prosecutor of
offering a plea agreement with a longer term of imprisonment on the basis of prejudice
because "You know, I'm just Mexican, I'm poor, I don't have the money to . . . get probation
reinstated." The prosecutor responded that "I really resent the comments by Mr.
Rodriguez, that this court, me, you, are just out to get a poor Mexican in this case. I don't
think anything could be further from the truth." The trial court likewise responded to the
comment by stating, "I am a little perturbed that you would make that statement in here
today that the only reason we are doing this is because you are a Mexican fellow. That
is not right." The court went on to expressly state, "I'm not going to hold [that statement]
against you. But you need to be careful about what you say under oath." 

 The record establishes that the trial court's judgment and assessment of
punishment was not based on appellant's ethnic background. It was appellant who
interjected the issue in the proceeding. The comments by the State and trial court were
merely responsive to the issue raised by appellant.

 Our review convinces us that appellate counsel conducted a diligent and
conscientious review of the record. We agree it presents no meritorious grounds for
review. We grant counsel's motion to withdraw and affirm the judgment of the trial court.


 John T. Boyd

 Chief Justice


Do not publish.



>' );
 document.write( WPFootnote2 );
 document.write( '
Close' );
 document.write( '' );
 }

 and unnamed other members of the office of
that court’s clerk, failed to docket a matter brought before the Fifth Circuit by Kriegel. In
particular, Kriegel asserted Zapalac owed him a fiduciary duty which was breached when
Kriegel’s matter was not docketed or calendared with the Fifth Circuit. Kriegel asked the
state trial court to: (1) order the clerk’s office of the Fifth Circuit to calendar and docket his
matter; and (2) consider removing employees of the Fifth Circuit who violate their “fiduciary
duty” to Kriegel. 
          The record reveals that on July 25, 2007, the trial court dismissed Kriegel’s suit,
without prejudice, for want of prosecution. In its order of dismissal, the court found that no
proper citation with proof of service on Zapalac appeared of record. The court further
found that on May 29, 2007, it notified Kriegel of its intent to dismiss for lack of service of
citation on Zapalac and granted Kriegel until June 19, 2007, to request a continuance. The
court found Kriegel made no showing of good cause for a continuance. Accordingly, it
dismissed Kriegel’s suit.
          Kriegel filed a notice of appeal on August 1, 2007. With no record from the trial
court, he nevertheless filed a document bearing the primary heading “Brief” with this court
on August 13, 2007. On September 24, 2007, the clerk’s record was filed, consisting of
the order of dismissal, Kriegel’s notice of appeal, and the court’s docket sheet. 
          Because it appeared Kriegel’s complaint was the trial court improperly dismissed
his suit for failure to serve Zapalac, and as the clerk’s record did not contain citation with
return, we notified Kriegel of the contents of the record by letter of September 28, 2007. 
We granted Kriegel until October 15, 2007, to file a supplemental clerk’s record containing
additional documents he believed material to his appeal. Kriegel made no response to the
letter and no supplemental clerk’s record was received by October 15, 2007.
Issue
          Kriegel’s brief fails to comply with the requirements of Tex. R. App. P. 38.1 in
several respects and for the essential requirements of an appellant’s brief we refer Kriegel
to the text of Rule 38.1. However, in a single issue Kriegel argues: 
“Appellant presented information to the Court showing service was lawfully
presented on Appellee.”



 
 
Discussion
          We review an order of dismissal for want of prosecution under a clear abuse of
discretion standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997). A trial court
abuses its discretion when it acts without reference to guiding rules and principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476
U.S. 1159, 90 L. Ed. 2d 721, 106 S. Ct. 2279 (1986). A trial court's authority to dismiss a
case for want of prosecution proceeds from two sources: (1) Rule 165a of the Texas Rules
of Civil Procedure; and (2) the common law, which vests the trial court with the inherent
power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute
his or her case with due diligence. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d
628, 630-31 (Tex. 1999). The record here provides no indication that the trial court acted
under Rule 165a so we interpret the basis of its dismissal authority to be its inherent power.
          Merely filing suit did not bring Zapalac within the jurisdiction of the trial court. See,
e.g., Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990) (defendant’s actual knowledge of
suit not sufficient to invoke court’s jurisdiction to render default judgment; jurisdiction
dependent on citation issued and served in manner provided by law). It was for Kriegel to
request process and ensure its proper service on Zapalac. "Upon the filing of the petition,
the clerk, when requested, shall forthwith issue a citation and deliver the citation as
directed by the requesting party. The party requesting citation shall be responsible for
obtaining service of the citation and a copy of the petition." Tex. R. Civ. P. 99(a) (emphasis
supplied). Kriegel’s failure to properly bring Zapalac before the court meant his suit lay
dormant on the trial court’s docket. Moreover, it was Kriegel’s failure to properly obtain
service and file the return that prompted the trial court’s warning of impending dismissal. 
          Despite Kriegel’s claim in this court that he provided proof of service for the trial
court before June 19, 2007, the record, which is the sole object of our review, speaks
otherwise. The court’s order of dismissal states the court’s finding “that no citation, or
process under Rules 108 or 108a, TRCP, with proper proof of service on William C.
Zapalac, has been filed with the clerk of the court.” The record before us contains no proof
that at any time Kriegel either requested citation issue or undertook steps to make certain
its proper service. His failure to do so came to the attention of the trial court prompting a
warning of impending dismissal unless “a written request for continuance showing good
cause was made on or before June 19, 2007, at 9:30 a.m.” The court found Kriegel failed
to comply with this requirement and dismissed his case. The record does not reveal
whether Kriegel filed a request for continuance that the court found inadequate or filed
nothing. In either instance, we presume the evidence of Kriegel’s action or inaction
supports the court’s finding that Kriegel “made no showing of good cause for continuance.” 
See Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987) (in the absence
of a record showing the trial court abused its discretion, the appellate court presumes the
evidence before the trial court supports the judgment); Bard v. Frank B. Hall & Co., 767
S.W.2d 839, 845 (Tex.App.–San Antonio 1989, writ denied) (when nothing in the record
contradicts a judgment’s recitals, they are taken as true). 
          The record before us reflects that Kriegel did nothing to obtain proper service of
Zapalac and then did not follow an order of the court specifying the means for avoiding
dismissal. On such a record, we cannot say the trial court abused its discretion by
dismissing Kriegel’s case for want of prosecution. Accordingly, we overrule Kriegel’s sole
issue, and affirm the trial court’s order of dismissal.
 
                                                                           James T. Campbell

                                                                                      Justice