In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00031-CV
______________________________


JOE TURNER, Appellant
 
V.
 
JOHN PARKER, INDIVIDUALLY, AND D/B/A
JOHN PARKER'S DISCOUNT TIRES, Appellees


                                              

On Appeal from the 6th Judicial District Court
Fannin County, Texas
Trial Court No. 31,984


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Joe Turner appeals the trial court's dismissal of his lawsuit for want of prosecution, claiming
he did not have notice of the hearing on the defendants' motion to dismiss. Turner also contends the
trial court erred by denying his motion for additional time in which to hire a new trial attorney. We
affirm.
I. Background
            On May 24, 1996, Turner sued John Parker as an individual and in Parker's capacity as the
owner of John Parker's Discount Tires (collectively "Parker"). According to Turner's original
petition, Turner worked for Parker as a contract laborer when Turner was injured by an exploding
tire. Turner sued Parker for negligence and sought recovery for medical expenses, lost income, and
past and future pain and suffering. Parker was served with the plaintiff's original petition in
May 1996 and Parker filed a general denial in June. Thereafter, the parties conducted discovery,
including the filing of interrogatories and requests for production. Between March 17, 1997 and late
August 2002, the record does not show the parties took any action in the case.
            On August 29, 2002, Parker filed a motion to dismiss the suit for want of prosecution. 
Turner filed a notice with the trial court regarding a designation of new lead counsel in his case on
September 5, 2002. One week later, Turner's substituted counsel withdrew from the case. That same
day, the trial court dismissed the suit without prejudice for want of prosecution. Turner filed his
timely notice of appeal on October 17, 2003. See Tex. R. App. P. 26.1 (notice of appeal is due within
thirty days after judgment signed); and see Tex. R. App. P. 9.2(b) (document is timely filed if
received by mail within ten days from deadline).
II. Dismissing Turner's Suit for Want of Prosecution
            A trial court's dismissal of a lawsuit for want of prosecution is reviewed for abuse of
discretion. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997). "When an unreasonable delay in
the prosecution of a case occurs, it is presumed that the case has been abandoned." Bilnoski v. Pizza
Inn, Inc., 858 S.W.2d 55, 57 (Tex. App.‒Houston [14th Dist.] 1993, no writ). "If that delay is not
sufficiently explained, the presumption of abandonment is conclusive and the case will be
dismissed." Id. A trial court's intention to dismiss may be imputed to a party when there has been
inactivity for a long period of time. Id.; see also Tex. R. Civ. P. 165a.
            A trial court abuses its discretion when its ruling falls outside the zone of reasonable
disagreement. See, e.g., Natural Gas Pipeline Co. of Am. v. Pool, 30 S.W.3d 618, 632 (Tex.
App.‒Amarillo 2000), rev'd on other grounds, No. 01-0057, 2003 WL 22038662 (Tex. Aug. 28,
2003). The key issue for us to decide is whether Turner exercised reasonable diligence in
prosecuting his case. See MacGregor, 941 S.W.2d at 75.
            Parker filed his motion to dismiss on August 29, 2002. The motion indicates service of the
motion, as well as the notice of a hearing on the motion, was provided to Turner through his attorney
of record on the same day. Accordingly, because Turner was represented by counsel at the time
Parker filed his motion to dismiss, Turner is presumed to have received notice of the motion before
September 12, 2002. See Tex. R. Civ. P. 21a (every notice required under the rules may be served
on the party's attorney of record; attorney's certificate of service is prima facie evidence of service
on the day listed in the certificate). There is nothing in the record to indicate Turner's then-counsel
of record did not receive notice of the September 12, 2002, hearing on Parker's motion to dismiss. 
See id. (a party may offer proof that the instrument was not received). Moreover, the case had been
languishing on the trial court's docket for more than six years with no activity having occurred since
March 1997. Still further, the motion to withdraw filed by Turner's counsel on September 12, 2002,
clearly states counsel had notified Turner of all pending settings and deadlines. We find the record
does not supprt Turner's claim of lack of notice of the hearing on the motion to dismiss.
            We also do not find the record supports Turner's contention that the trial court abused its
discretion by dismissing the case for want of prosecution. As explained above, Turner's lawsuit
against Parker was filed in May 1996. The clerk's record in this case shows nothing happened in this
case between March 1997 and August 2002. We believe the trial court acted within the "zone of
reasonable disagreement" when, after proper notice of the hearing, it dismissed a case for which the
plaintiff failed to appear and in which the plaintiff had taken no action in more than five years. Cf.
Bilnoski, 858 S.W.2d at 58 (mailing one offer of settlement during a two-year period is insufficient
to demonstrate due diligence; dismissal for want of prosecution was proper). The record before us
contains no evidence tending to defeat the presumption Turner had abandoned the case.
III. Denial of Turner's Motion for Additional Time in Which To Hire New Trial Counsel
            Turner also contends the trial court erred by denying his motion for more time in which to
hire new trial counsel after the trial court dismissed the lawsuit for want of prosecution. To preserve
an issue for appellate review, the record must show that a complaint was made to the trial court by
a timely request, objection, or motion and that the trial court ruled on the request, objection, or
motion. Tex. R. App. P. 33.1. On October 8, 2002, Turner filed his motion for more time in which
to hire trial counsel. The record before us does not indicate the trial court ruled on Turner's motion. 
Accordingly, Turner has not preserved this issue for our review.
IV. Conclusion
            For the reasons stated, we affirm the trial court's judgment.
 

                                                                        Jack Carter
                                                                        Justice


Date submitted:          October 22, 2003
Date decided:              October 23, 2003



le="font-family: 'Times New Roman', serif">            Defendants' motion to dismiss asserted that Decker failed to file the required sworn statement
of previous litigation and to file the required certified copy of his trust fund account. However, a
 review  of  the  clerk's  record  shows  a  list  of  previous  litigation


  with  the  same  file-stamp
date, May 27, 2004, as Decker's first petition alleging a 1983 violation, as well as a certified copy
of Decker's trust fund account. Therefore, neither of those two bases supports the dismissal of
Decker's lawsuit.
            But Defendants' motion to dismiss also alleges Decker failed to properly exhaust available
administrative remedies and to properly document and verify that process. Section 14.005 of the
Texas Civil Practice and Remedies Code requires that an inmate file both (a) an affidavit or unsworn
declaration stating the date the resolution of the inmate's grievance was received, and (b) a copy of
the form denying the inmate relief. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1), (2) (Vernon
2002). Decker filed copies of several "Step 2" forms, which contain his complaints and then a ruling
or decision from prison officials. None of his pleadings, however, contain the verified statement
required by Section 14.005(a)(1).


 See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1).
          Section 14.005 is quite clear in its requirement of both an affidavit and copies of the
grievance form. In a similar situation, we held "it is incumbent on the inmate to provide the required
information before it comes to the trial court for review. This is especially true because Section
501.008 of the Government Code precludes an inmate from filing a claim until he has exhausted his
remedies through the grievance system." Smith v. Tex. Dep't of Criminal Justice–Institutional Div.,
33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied); see Tex. Gov't Code Ann. §
501.008 (Vernon 2004).
            Because Decker failed to comply with the statutory requirement of Section 14.005, the trial
court did not abuse its discretion in dismissing the suit. We affirm the trial court's order of
dismissal.



 
(2)  A Hearing on a Motion To Dismiss Is Discretionary
            Decker also contends the trial court erred in dismissing his suit without holding a hearing.
The Texas Civil Practice and Remedies Code provides that, in determining whether to dismiss a
claim as frivolous under Section 14.003, the court may hold a hearing. Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(c) (Vernon 2002). A trial court's decision on whether to dismiss an inmate's
suit based on failure to comply with statutory requirements is discretionary. Williams v. Brown, 33
S.W.3d 410, 411 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
            Certainly, inmates have a constitutional right to access the courts for the purpose of
presenting their complaints. Cruz v. Beto, 405 U.S. 319 (1972). But pro se litigants are held to the
same standards as licensed attorneys and must comply with applicable laws and rules of procedure. 
Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex. App.—Amarillo 1997, no pet.). To curtail
frivolous or malicious lawsuits, restricting or regulating the ability of inmates to proceed in forma
pauperis does not implicate any constitutionally protected right per se. Hicks v. Brysch, 989 F.Supp.
797, 822 (Tex. 1997). Judgment on the pleadings or for failure to comply with procedural
requirements, without holding an evidentiary hearing, is proper and does not violate due process. 
See Willis v. Capots, 902 F.2d 1570 (6th Cir. 1990).
            For the reasons discussed above, we find no abuse of the trial court's discretion and overrule
this point.
 
(3) The Dismissal Should Have Been Without Prejudice
            As no hearing was held, the trial court could not have reached the merits of Decker's suit. 
When a claim is dismissed without a fact hearing, the trial court could not have determined that the
suit had no arguable basis in fact. In re Wilson, 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996,
no writ); Harrison v. Tex. Dep't of Criminal Justice–Institutional Div., 915 S.W.2d 882, 887 (Tex.
App.—Houston [1st Dist.] 1995, no writ). Dismissal without prejudice is the proper remedy, rather
than dismissal with prejudice, where the inmate's suit failed to comply with a statutory requirement
of an attached affidavit; such a failure is capable of cure by amending the pleadings. Thomas v.
Skinner, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied) (inmate failed to
comply with Section 14.004 requirements of full statement of previous litigation).
            We modify the trial court's judgment to make it a dismissal without prejudice, and affirm it
as modified.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 24, 2005
Date Decided:             August 16, 2005

Do Not Publish