NO. 07-06-0492-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 31, 2007

_____

EMILIO H. CHAVEZ, JR., PH.D., APPELLANT

V.

JENNY GLOBAL, LTD., APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-536199; HONORABLE RUBEN REYES, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Emilio H. Chavez, Jr., Ph.D., an inmate proceeding pro se and in forma pauperis, appeals the trial court's order dismissing his suit against Appellee, Jenny Global, Ltd., for want of prosecution. By his brief, Chavez requests, among other things, that this

Court issue declaratory relief and enforce a Rule 11 agreement. He does not, however, challenge the trial court's order of dismissal. We affirm.

According to the limited record, on August 16, 2006, Chavez filed his live pleading for employment discharge and declaratory relief. He alleged that Jenny Global, Ltd. had terminated his contract services. He sought damages in the amount of sixty-six trillion, nine hundred thirty-nine billion, two hundred four million, six hundred thousand dollars ($66,939,204,600,000). Attached to his pleading were some hand-written exhibits, including Chavez's affidavit and a copy of a settlement agreement between Chavez and Jenny Global, Ltd. According to Chavez's affidavit, Jenny Global's Board of Directors had agreed to buy-out Chavez's stocks, bonds, patents, inventions, licenses, agreements, and royalties for the amount he sought in his pleading. The settlement agreement purports to bear the signatures of Jenny Global's Board Chairman and Chief Financial Officer (CFO), as well as Chavez's signature. The clerk's record does not contain an answer from Jenny Global, Ltd. to Chavez's pleading.

On December 20, 2006, the trial court signed an order dismissing Chavez's suit for want of prosecution. The order provides that it was entered pursuant to previous notice to the parties and that no response was received by the deadline imposed.

Chavez does not present an issue on appeal challenging the order of dismissal. Instead, he argues that the Rule 11 settlement agreement on file with the trial court should have been enforced. By his prayer, he requests this Court enforce the agreement and

issue declaratory relief and injunctive relief requiring Jenny Global to comply with the terms of the agreement, including payment of all costs. Jenny Global did not file a brief.

A trial court has authority to dismiss a case for want of prosecution either under Rule 165a of the Texas Rules of Civil Procedure or its inherent power to maintain and control its docket. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). We review a trial court's order of dismissal for abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). Given that Chavez has not challenged the trial court's discretion in dismissing his appeal, we affirm the order.

Consequently, the trial court's order is affirmed.


Patrick A. Pirtle
Justice

3