# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00122-CV

**Aaron Hillin d/b/a Hillin's Auto, Appellant**

**v.**

**Texas Commission on Environmental Quality, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. D-1-GN-04-003340, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Aaron Hillin, d/b/a Hillin's Auto, proceeding pro se, appeals the trial court's order dismissing his lawsuit against the Texas Commission on Environmental Quality ("TCEQ") for want of prosecution. In two issues, Hillin argues that the trial court erred in denying him the right to a jury trial and in dismissing the suit. We affirm.

On August 18, 2004, the TCEQ issued a final administrative order directing Hillin and other named, responsible parties to complete remediation of a state Superfund site located in Bexar County, Texas. On October 7, 2004, Hillin filed a petition in the trial court seeking judicial review of the TCEQ's order. After the TCEQ filed its answer on November 3, 2004, Hillin made no other filings with the district court or the district clerk's office until July 14, 2005, when he sent a letter to the TCEQ and the district clerk stating that he would be vacationing outside the United States from September 5, 2005, until October 10, 2005. Approximately one year later, on

July 12, 2006, Hillin sent a letter to the TCEQ notifying it that he had contacted the Court Administrator's Office of Travis County and had obtained a jury trial setting for November 27, 2006.

On August 11, 2006, the TCEQ filed a motion to dismiss Hillin's lawsuit for want of prosecution, arguing, among other things, that the trial court was required to presume that Hillin's lawsuit had been abandoned and to dismiss the suit because Hillin had not diligently prosecuted the action within one year after it was filed as required by section 361.322 of the health and safety code. *See* Tex. Health & Safety Code Ann. § 361.322 (West 2001). The trial court conducted an evidentiary hearing on the TCEQ's motion to dismiss on October 26, 2006. At the hearing, Hillin offered various explanations for the delay—including health problems, involvement in other civil litigation, and inability to locate a witness who could "substantiate some of my allegations." At the conclusion of the hearing, the trial judge stated:

> Mr. Hillin, I respect the fact that you have former military service, and you as a person. And I appreciate your emotional argument about your health and the issues. However, there's nothing before this Court that justifies the failure to prosecute this case in a timely fashion as required, and [I] believe based on the statute as it exists and the mandates that the Motion to Dismiss for Want of Prosecution is meritorious, and I'm granting it today.

The trial court then entered an order dismissing Hillin's claims for want of prosecution without prejudice. At Hillin's request, the trial court entered findings of fact and conclusions of law.

In his first issue, Hillin contends that the trial court erred in denying him the right to a jury trial. The TCEQ responds that Hillin was not entitled to a jury trial because the

Texas Constitution[1] does not guarantee jury trials in state civil actions to review an administrative order issued under the Solid Waste Disposal Act. *See* Tex. Health & Safety Code Ann. §§ 361.001-.754 (West 2001 & Supp. 2006).

Article I, section 15 of the Texas Constitution provides a right to trial by jury for those actions, or analogous actions, which were tried by jury when the Texas Constitution was adopted in 1876. *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 636 (Tex. 1996); *see* Tex. Const. art. I, § 15. This provision applies if, in 1876, a jury would have been allowed to try the action or an analogous action. *Barshop*, 925 S.W.2d at 636. The Texas Supreme Court has examined the article I, section 15 right to jury trial and concluded that agency assessments of environmental penalties were neither actions tried by a jury in 1876 nor actions analogous to matters for which a jury trial was allowed at that time. *Texas Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 450-51 (Tex. 1993).

In this case, the TCEQ issued a final administrative order requiring Hillin and other responsible parties to complete remediation at a Superfund site in Bexar County pursuant to the Solid Waste Disposal Act. *See* Tex. Health & Safety Code Ann. § 361.272 (West 2001). The Solid Waste Disposal Act was enacted by the Texas Legislature in 1969 to "safeguard the health, welfare, and physical property of the people through controlling the collection, handling, storage, and disposal of solid waste." Solid Waste Disposal Act, 61st Leg., R.S., ch. 405, § 1, 1969 Tex. Gen. Laws 1320.

---

[1] Although Hillin argues that he was entitled to a jury trial pursuant to the rights guaranteed by the Seventh Amendment of the United States Constitution, the Seventh Amendment right to a jury trial in civil cases has never been extended to the states. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 719 (1999). Therefore, we address only whether Hillin was entitled to a jury trial under the relevant provisions of the Texas Constitution.

A lawsuit reviewing the TCEQ's assessment of penalties under this statutory scheme, which was enacted in 1969, is not analogous to any action tried to a jury in 1876. Thus, we hold that Hillin has no constitutional right to a jury trial in this case under article I, section 15 of the Texas Constitution. *See Texas Ass'n of Bus.*, 852 S.W.2d at 451 ("no right to a jury trial attaches to appeals from administrative adjudications under the [Texas Clean Air Act, the Water Code, and the Solid Waste Disposal Act.]").

In addition, although article V, section 10 of the Texas Constitution protects the right to have a jury resolve fact questions in all "causes" brought in the district courts, the Texas Supreme Court has held that appeals from administrative decisions are not "causes" within the meaning of this provision. *See Barshop*, 925 S.W.2d at 636; *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 527 (Tex. 1995); *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288, 292-93 (Tex. 1975). Therefore, Hillin also has no constitutional right to a jury trial in this case under article V, section 10 of the Texas Constitution.

In his second issue, Hillin argues that the trial court erred in dismissing his lawsuit for want of prosecution. The TCEQ responds that under the relevant provision of the Solid Waste Disposal Act, the trial court was required to presume that Hillin's lawsuit challenging the TCEQ's order had been abandoned and to dismiss the suit based on Hillin's failure to prosecute the action in a timely manner. We review a dismissal for want of prosecution under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997).

The Solid Waste Disposal Act provides that a person subject to an administrative order requiring remediation of an affected site may appeal the order by filing a petition in district court. *See* Tex. Health & Safety Code Ann. §361.322(a). The Act also provides:

> The plaintiff shall pursue the action with reasonable diligence. The court shall presume that the action has been abandoned if the plaintiff does not prosecute the action within one year after it is filed and shall dismiss the suit on a motion for dismissal made by the governmental entity whose action is appealed unless the plaintiff, after receiving notice, can show good and sufficient cause for the delay.

*Id.* § 361.322(b).

The record reflects that Hillin filed his lawsuit against the TCEQ on October 7, 2004. Under section 361.322 of the health and safety code, Hillin was required to pursue his action with reasonable diligence. *See id.* The statute expressly states that a failure to prosecute the action within a year after filing will give rise to a presumption that the lawsuit has been abandoned. *See id.* The record reflects that Hillin sent a letter to the TCEQ and the district clerk on July 14, 2005, stating that he would be vacationing out of the country for approximately five weeks. However, after sending this letter, Hillin took no further action regarding the lawsuit until July 12, 2006, when he informed the TCEQ that he had obtained a jury trial setting. This action occurred nearly twenty-one months after Hilling filed his petition in the trial court.[2] On this record, and in light of the mandate of section 361.322 of the health and safety code, the trial court was required to presume that Hillin's lawsuit had been abandoned due to his failure to prosecute the action in a timely manner. *See id.*

---

[2] The trial court entered a finding of fact stating that "[n]o other documents filed with the court or the district clerk between October 7, 2004 and July 12, 2006 evidence any effort by Mr. Hillin or Hillin's Auto to prosecute the suit."

Once the statutory presumption of abandonment arises, a trial court is required to dismiss the action unless the plaintiff can "show good and sufficient cause for the delay." *Id.* Although Hillin argued at the hearing on the motion to dismiss that his health problems, involvement in other civil litigation, and inability to locate a witness caused the delay, he did not put on any evidence to support these allegations. On this record, we cannot conclude that the trial court acted arbitrarily or unreasonably when it found that Hillin failed to show good cause for the delay. *See MacGregor*, 941 S.W.2d at 75-76 (holding that trial court's order dismissing plaintiff's lawsuit for want of prosecution was not abuse of discretion because, although plaintiffs attributed delay in prosecuting suit to various bankruptcy proceedings, they offered no evidence that bankruptcies interfered with prosecution of suit.).

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   April 16, 2008