Opinion issued March 3, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00780-CV

————————————

**SHAMSHER MEDIH CHISTI, Appellant**

**V.**

**SANA CHISTI aka KIRAN WILWERDING, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-12431**

---

## MEMORANDUM OPINION

Shamsher Medih Chisti filed a bill of review to set aside a divorce decree. The trial court dismissed his case for want of prosecution. On appeal, Chisti contends that the trial court erred because it did not give adequate notice of its intent to dismiss the case for failure to pay the filing fee. We reverse and remand.

## Background

In 2006, Sana Chisti (Kiran Wilwerding) and Shamsher Chisti divorced. In 2013, proceeding pro se, Shamsher Chisti filed a bill of review to set aside the divorce decree; with it, he presented an affidavit of inability to pay filing fees. The Harris County District Clerk contested the affidavit. In May 2013, the trial court held a hearing on the contest to Shamsher's affidavit. Shamsher did not appear. The trial court sustained the contest and ordered Shamsher to pay filing fees and court costs by June 7, 2013 to avoid dismissal for want of prosecution. Shamsher did not pay the fees or costs, and the court dismissed the case on June 10 for want of prosecution.

On June 24, Shamsher filed a verified motion to reinstate the case. In his motion, he contended that he had not received notice of the trial court's intent to dismiss the case. Though Shamsher requested a hearing on the motion to reinstate, the trial court did not set one. The court did not sign a written order ruling on the motion; it was overruled by operation of law. *See* TEX. R. CIV. P. 165a(3).

There is no appellee's brief: Sana Chisti was never served and thus has not appeared in the suit. The District Clerk did not file an appellee's brief.

## Discussion

*Standard of Review*

We apply an abuse of discretion standard to a court's ruling on a motion to reinstate. *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). We also review the trial court's dismissal for want of prosecution for an abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam).

*Analysis*

Once a case is dismissed for want of prosecution, a party may file a verified motion to reinstate within "30 days after the order of dismissal is signed." TEX. R. CIV. P. 165a(3). "The court shall reinstate the case upon finding after a hearing that the failure of the party . . . was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.*

Rule 165a(3) provides that, upon receiving a motion to reinstate the case, the trial court "shall set a hearing on the motion as soon as practicable." *Id.* It is "not within the trial court's discretion to determine whether to set a hearing on the motion to reinstate." *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam); *Rohus v. Licona*, 942 S.W.2d 111, 112 (Tex. App.—Houston

3

[1st Dist.] 1997, no writ) ("The language of rule 165a does not allow the trial court discretion in whether to set a hearing on motions for reinstatement.").

As ground for reinstatement, Shamsher contends that the trial court did not serve him with notice of its intent to dismiss the case for want of prosecution. Pursuant to Rule 165a, "Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to . . . each party not represented by an attorney. . . ." TEX. R. CIV. P. 165a(1). A notice of intent to dismiss does not comply with Rule 165a if it does not also provide the date and place of the dismissal hearing. *Rohus*, 942 S.W.2d at 112.

A trial court has the inherent power to dismiss independently of the rules of procedure if a plaintiff does not prosecute his case with due diligence. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A party must be given notice and an opportunity to be heard, however, before a court may dismiss. *Id.* "The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal." *Id.* When an appellant has the opportunity to move for reinstatement, he waives any due process rights if he fails to move to reinstate. *Wright v. Tex. Dep't of Crim. Justice – Inst'l Div.*, 137 S.W.3d 693, 695 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

The record does not contain notification to Shamsher of the court's intent to dismiss his case. Shamsher received a notification that, on May 7, 2013, an "order

4

[was] signed denying [the] pauper's oath" and an "order [was] signed setting [a] hearing." The notification did not state the type of hearing, date, time, or place, and it did not state that the court would dismiss the case on June 7, 2013 if Shamsher had not paid court costs by that date.

After receiving notice of the dismissal, Shamsher filed a verified motion to reinstate within 30 days of the dismissal and requested a hearing. The record does not reflect that a hearing occurred on Shamsher's motion to reinstate, but in the motion, Shamsher observes that he did not receive notice from the trial court of its intent to dismiss the suit for want of prosecution absent payment of the filing fees.

Because Shamsher moved for reinstatement within 30 days of the dismissal in response to notification that the trial court had dismissed the case and demonstrated a lack of notice of its intent to dismiss, he did not waive his right to due process. *See Wright*, 137 S.W.3d at 695. We hold that the failure to notify Shamsher of the trial court's intent to dismiss his case for want of prosecution with the date or place of the dismissal hearing is reversible error, preserved by Shamsher's motion to reinstate, which was overruled by operation of law. *See* TEX. R. CIV. P. 165a; *Villarreal*, 994 S.W.2d at 630; *Rohus*, 942 S.W.2d at 112.

5

## Conclusion

We reverse the trial court's dismissal for want of prosecution and remand the case to the trial court.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Massengale.