**Reversed in Part, Remanded, and Memorandum Opinion filed August 11, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00869-CV

---

## ROGER DISCHERT AND CHARLOTTE DISCHERT STEFANIDES, Appellants

### V.

## JAGUAR LAND ROVER NORTH AMERICA LLC, AND SONIC MOMENTUM JVP LP / LAND ROVER SOUTHWEST HOUSTON, Appellees

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1101826**

---

## MEMORANDUM OPINION

In this suit asserting claims arising from the purchase of an allegedly defective vehicle, the plaintiffs contend that the trial court erred in imposing death-penalty sanctions upon them, effectively striking their pleadings as to one defendant *sua sponte* and without notice. Because there is no way to interpret the ambiguous judgment as a correct application of the law, we reverse the judgment as to that

defendant, sever from the case the unsuccessful claims against a co-defendant, and remand the case for further proceedings.

## I.

Plaintiffs Roger Dischert and Charlotte Dischert Stefanides purchased a vehicle from Sonic Momentum JVP LP / Land Rover Southwest Houston ("Sonic") in 2013. When the parties were unable to resolve a dispute about the vehicle's alleged defects, the Discherts sued Sonic and Jaguar Land Rover North America, LLC ("Jaguar"), alleging breach of contract, breach of warranty, and DTPA violations.

In May 2018, the Discherts moved for traditional summary judgment on their DTPA claims. The following month, Sonic filed separate motions for partial summary judgment on the Discherts' claims for breach of warranty, breach of contract, and violations of the DTPA. In September 2018, the trial court granted the Discherts' summary-judgment motion on their DTPA claims and ordered Sonic to refund the vehicle's purchase price, upon which the Discherts were to return the vehicle. Sonic attempted to appeal the order, but we dismissed the appeal on the ground that the judgment was not final because it did not dispose of all of the Discherts' claims against Sonic. *Sonic Momentum JVP, LP / Land Rover Sw. Hous. v. Dischert*, No. 14-18-01102-CV, 2020 WL 1528280, at *1 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, no pet.) (mem. op.). We explained that the Discherts' claims against Jaguar did not affect our analysis of whether or not the judgment was final, because "the record shows that Jaguar was not served, and the record does not show that Jaguar waived service or appeared in the case." *Id.*

After we dismissed the appeal, the trial court apparently set aside its 2018 interlocutory order in the Discherts' favor on their DTPA claims, because on November 18, 2020, the trial court signed separate orders granting each of Sonic's

2

three motions for partial summary judgment: one on the Dischert's breach-of-contract claim, one on their breach-of-warranty claim, and one on their DTPA claim. Each order granted progressively more relief. In first order, the trial court granted Sonic's motion regarding the Discherts' breach-of-contract claim and ordered the claim dismissed. In the second order, the trial court granted Sonic's motion regarding the Discherts' breach-of-warranty claims and dismissed "all breach of express or implied warranty claims pled by Plaintiffs in this action." In the last order, the trial court "ORDERED that [Sonic's] Motion for Partial Summary Judgment on Plaintiffs' DTPA claims is GRANTED, and that all DTPA claims pled by Plaintiffs in this action are DISMISSED. By the signing of this Order, all interlocutory judgments are hereby made final as to all parties and all claims."[1]

## II.

In their sole appellate issue, the Discherts assert that Jaguar was served in 2017, and that the trial court erred in rendering death-penalty sanctions against them by effectively striking their pleadings and dismissing their claims against Jaguar "with no pending motions and no notice."

Although the Discherts assert that Jaguar was served in 2017, we held in 2020 in the prior appeal in this case that Jaguar had not been served. *See id.* at *1. The appellate record does not show, and the Discherts do not contend, that Jaguar was served at any time between the remand of the case and the entry of final judgment.[2] There also is no indication in the record that the trial court sanctioned the Discherts,

---

[1] Although the only interlocutory orders regarding Jaguar were the orders dismissing all breach-of-warranty and DTPA claims "pled by Plaintiffs in this action," the last order made the orders final "as to all parties and all claims."

[2] Sonic asserts in its appellate brief that the Discherts served Jaguar in 2020, after the trial court rendered final judgment in the case. The appellate record, however, contains no such evidence, nor does any party contend that the trial court granted a motion for new trial or otherwise set aside the judgment so as to render this appeal moot.

3

struck their pleadings, dismissed the case for want of prosecution, adjudicated the merits of the Discherts' claims against Jaguar, or provided any notice to the Discherts of its intention to dismiss those claims on any grounds whatsoever.

Although Jaguar, not having been served, did not appear in the trial court or on appeal, Sonic filed a response brief in which it does not dispute the Discherts' assertion that they had no notice of the trial court's intention to dismiss their claims against Jaguar. Sonic instead argues that the Discherts effectively nonsuited Jaguar by failing to serve Jaguar before judgment was rendered. We disagree. If a judgment disposes of all parties except for a defendant who has neither been served nor answered, the judgment acts as a nonsuit as to that defendant, absent some indication that the plaintiff expects to serve that defendant. *See Youngstown Sheet & Tube Co. v. Penn*, 363 s.w.2d 230, 232 (Tex. 1962). But the judgment in this case did dispose of the Discherts' claims against Jaguar, for the trial court wrote, "By the signing of this Order, all interlocutory judgments are hereby made *final as to all parties and all claims*." This language makes clear the trial court's intent to finally dispose of all claims against all parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

The trial court, however, identified no basis for the dismissal. The trial court's orders do not purport to grant a motion to dismiss the claims against Jaguar, or to sanction the Discherts, or to implement a non-suit, or to dismiss for want of prosecution. We are mindful that "[w]hen an ambiguous order is susceptible to two reasonable constructions, an appellate court should adopt the construction that correctly applies the law." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). But we are aware of no construction in which the *sua sponte* dismissal of a plaintiff's claims, without prior notice of the trial court's intention to do so, would be a correct application of the law.

We accordingly reverse the portion of the judgment dismissing the Discherts' claims against Jaguar. Inasmuch as the Discherts have not appealed the portion of the judgment granting Sonic's summary-judgment motions as to each of the claims against them, we sever the claims against Sonic from the case, and we remand the case—now consisting only of the Discherts' claims against Jaguar—to the trial court for further proceedings consistent with this opinion.


/s/  Tracy Christopher
    Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.