# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00405-CV

---

**C. L., Jr., Appellant**

**v.**

**Williamson County, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 19-0327-C368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

C.L., Jr., appearing pro se, appeals from the trial court's order dismissing for want of prosecution his petition for expunction of criminal record. For the following reasons, we affirm the dismissal order.

### BACKGROUND

On March 14, 2019, appellant, an inmate at the Texas Department of Criminal Justice–Institutional Division, filed in Williamson County district court a petition for expunction of his criminal record, listing several Travis County charges he wished to have expunged. *Cf.* Tex. Code Crim. Proc. art. 55.02, § 2 (noting that person entitled to expunction may file ex parte petition in district court of county in which petitioner was arrested or offense was alleged to have occurred). On the same date he filed a Motion for a Bench Warrant or Alternative Hearing by Conference Call, Certificate of Inmate Trust Account, and Affidavit of Inability to Pay Costs.

The record does not reflect either a motion to set a hearing on his petition or a request for a hearing date on his pending filings.

Appellant sent letters to the trial court on May 14, 2019; October 24, 2019; and March 31, 2020, asking for status updates on his petition for expunction but not requesting a hearing. On June 16, 2021, the trial court sent appellant notice that his case had been placed on the July 27, 2021 dismissal docket. The notice informed him that the court "shall dismiss" the cause for want of prosecution "at the dismissal hearing unless there is good cause to maintain the case on the docket." It further provided that "the only way to avoid having your case dismissed at the call of the docket" was to either (1) file a motion to retain, obtain the agreement of the opposing party or attorney, submit an "Agreed Order to Retain," and set the case for trial "**OR**" (2) "appear at the docket call to show good cause for your case to be maintained on the docket." Appellant filed a Motion to Retain on June 30, 2021, and again on July 13, 2021. Although those motions to retain contained a certificate of service demonstrating service on several parties, including the Williamson County district attorney, neither of the motions represented that appellant had obtained the agreement of an opposing party or attorney to retain the cause on the docket. Appellant also did not request a bench warrant, a conference call, or a continuance of the July 27 hearing. After appellant failed to appear at the noticed July 27 hearing, the trial court dismissed his petition for want of prosecution.

## DISCUSSION

In one issue, appellant argues that the trial court erred in denying his petition for expunction. His issue statement reads, "Did the trial court err in denying appellant's request for expunction of record when appellant has met the standard detailed in Chapter 55.01?" However,

2

the trial court did not deny his petition or consider its merits; rather, the trial court dismissed the petition for want of prosecution, with which ruling appellant does not take issue or make any arguments or pertinent citations. *Cf.* Tex. R. App. P. 38.1(i) (requiring appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Thus, appellant's sole issue is inapposite to the trial court's dismissal order.

Although we construe a pro se appellant's briefing liberally, we must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Rader v. Berry*, No. 03-11-00810-CV, 2013 WL 6665075, at *1 (Tex. App.—Austin Dec. 11, 2013, no pet.) (mem. op.). Even liberally construing appellant's brief, the sole issue raised on appeal does not comport with the trial court's ruling. We, therefore, cannot conclude that appellant raises any error about the trial court's exercise of its discretion in determining that he had failed to prosecute his petition. Rather, appellant complains that the trial court denied his request for expunction.

We generally may not reverse a judgment based on unassigned error. *See Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020); *Sepeda v. State*, No. 14-14-00443-CV, 2015 WL 4366220, at *2 (Tex. App.—Houston [14th Dist.] July 16, 2015, pet. denied) (mem. op.). Because appellant does not raise any issue on appeal complaining about the trial court's exercise of its discretion in dismissing his petition for want of prosecution, we may not consider the issue. But, even if appellant had properly assigned error to the trial court's exercise of discretion in rendering its dismissal order, we would conclude that the trial court did not abuse its discretion because a trial court may dismiss a case for want of prosecution for the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party

had notice." *See* Tex. R. Civ. P. 165a(1); *Sepeda*, 2015 WL 4366220, at *2; *Ex parte Lewis*, No. 11-15-00098-CV, 2016 WL 4238681, at *2 (Tex. App.—Eastland Aug. 4, 2016, pet. denied) (mem. op.); *see also MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (noting that we review trial court's decision to dismiss for want of prosecution for clear abuse of discretion). The record establishes that appellant did not appear for the dismissal hearing, file a motion for continuance, request a bench warrant or other alternative method to participate at the hearing, or obtain the agreement of the opposing party to retain the case on the docket. Accordingly, had appellant raised the issue, we would conclude that the trial court did not abuse its discretion in dismissing for want of prosecution appellant's petition.[1]

## CONCLUSION

We affirm the trial court's order dismissing for want of prosecution appellant's petition for expunction.

_____
Thomas J. Baker, Justice

Before Justices Baker, Triana, and Kelly

Affirmed

Filed: February 15, 2023

---

[1]In an alternative argument, appellee argues that appellant filed his expunction petition in the wrong county. Although Travis County charges need to be expunged in Travis County, we do not address this argument because we do not reach the merits of the petition.

4