

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-24-00408-CV

VICKER SICHANTHAVONG, APPELLANT

V.

RICHARD KATES, APPELLEE

On Appeal from County Court at Law Number 2
Potter County, Texas
Trial Court No. 110252-2-CV, Honorable Matt Hand, Presiding

May 15, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Vicker Sichanthavong, proceeding pro se, appeals from the trial court's *Order of Dismissal for Want of Prosecution* in his suit against Appellee, Richard Kates, for failure to pay rent and for criminal mischief. By his brief, Sichanthavong requests this Court issue a writ of capias "ad respondendum" for Kates to answer the charges against him. We interpret his issue as a challenge to the trial court's order dismissing the case. We affirm.

BACKGROUND

The record establishes Sichanthavong and Kates entered into a month-to-month rental agreement for an apartment on November 1, 2011.[1] Sichanthavong alleged that later in November, a SWAT team entered the property and caused property damage for which Kates failed to pay. He also alleged Kates failed to pay rent in accordance with their agreement. Sichanthavong filed suit in March 2021 under the Texas Theft Liability Act and for criminal mischief under section 28.03 of the Texas Penal Code.[2]

On November 18, 2024, the trial court signed its order dismissing the case. The order recites the parties were provided Notice of Intent to Dismiss for Want of Prosecution pursuant to Rule 165(a) of the Texas Rules of Civil Procedure.[3] The notice further recites the case had been pending in excess of the time standards promulgated by the Supreme Court[4] and that no party seeking affirmative relief had made an appearance to establish good cause for maintaining the case on the court's docket. Sichanthavong did not file a motion for new trial or a motion for reinstatement under Rule 165(a)(3) of the Texas Rules of Civil Procedure.

## ANALYSIS

We review a trial court's order of dismissal for want of prosecution for abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *Mills v. Parks*

---

[1] The agreement lists "Mr. Lance Rodgers" as the tenant but a handwritten notation indicates "Real Name Richard Kates."

[2] TEX. CIV. PRAC. & REM. CODE ANN. §§ 134.001–.005; TEX. PENAL CODE ANN. § 28.03.

[3] Sichanthavong does not dispute that he received notice.

[4] Civil jury cases other than family law should be brought to final disposition within eighteen months from the appearance date and civil non-jury cases other than family law should be brought to final disposition within twelve months from the appearance date. TEX. R. JUD. ADMIN. 6.1(a).

*Bros., LLC*, No. 07-24-00102-CV, 2024 Tex. App. LEXIS 6387, at *5 (Tex. App.—Amarillo Aug. 24, 2024, no pet.) (mem. op.). A trial court may dismiss a case for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a(1). Parties must be provided with notice of the dismissal hearing and an opportunity to be heard. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Dismissal for want of prosecution may be warranted if a case is not disposed of within the time standards promulgated by the Supreme Court under the Rules of Judicial Administration. TEX. R. CIV. P. 165a(2).

To preserve a complaint regarding a dismissal order, the complaining party must object with sufficient specificity and obtain a ruling from the trial court or note a refusal to rule. TEX. R. APP. P. 33.1(a); *Mills*, 2024 Tex. App. LEXIS 6387, at *5. In the underlying case, Sichanthavong did not file a motion for new trial or a motion for reinstatement of his case; rather, he perfected this appeal. Because he did not raise his complaint in the trial court and the alleged error is not fundamental, he did not preserve it for appellate review. *Id.* (citing *In re E.D.F.*, No. 07-12-00470-CV, 2014 Tex. App. LEXIS 11286, at *6 (Tex. App.—Amarillo Oct. 9, 2014, pet. denied)). His issue is overruled.

## CONCLUSION

The trial court's *Order of Dismissal for Want of Prosecution* is affirmed.

Alex Yarbrough
Justice

3