Reynaldo LOPEZ, Appellant,

v.

Charles HARDING, Individually and d/b/a C & C Trucking, Alliance Trucking, Inc., and Charles Will Martin, Individually and d/b/a Martin Excavation, Appellees.

No. 05–99–02101–CV.

Court of Appeals of Texas, Dallas.

May 30, 2001.

Lauren Beck, Kenneth R. Breitbeil, McFall, Glidden, Sherwood & Breitbeil, Houston, for Appellant.

Charles E. Wear, Jr., Attorney At Law, Arlington, Thomas W. Fee, Lance Eric Caughfield, Fletcher & Springer LLP, Dallas, David A. Harris, Arlen D. Bynum, Arlen D. 'Spider' Bynum, P.C., Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and ROACH.

## OPINION

WHITTINGTON, Justice.

Reynaldo Lopez appeals the trial court's order dismissing his case against Charles Harding, individually and d/b/a C & C Trucking ("Harding"), Alliance Trucking, Inc. ("Alliance"), and Charles Will Martin, individually and d/b/a Martin Excavation ("Martin"), for want of prosecution. In a single issue, Lopez contends the trial judge abused his discretion in dismissing the case for want of prosecution because Lopez failed to file a written request for a trial setting. For the reasons set forth below, we agree. We reverse the trial court's order and remand this case for further proceedings.

### BACKGROUND

On July 2, 1999, Lopez sued Harding, Alliance, and Martin for negligence. In his petition, Lopez alleges that, while he was unloading fill dirt from his truck on the morning of July 10, 1997, a truck owned and operated by Harding toppled onto his truck, crushing the vehicle. Lopez claims he sustained severe personal injuries as a result of the incident and that Alliance and Martin were also liable as contractors. On July 6, 1999, four days after Lopez filed his original petition, the trial court sent Lopez a notice informing him that the case had been set for dismissal on October 29, 1999. The notice provided:

> The above case is set for dismissal, pursuant to Rule 165a, Texas Rules of Civil Procedure, on October 29, 1999, ' at, [sic] 9:00 a.m. in Dallas County Court At Law No. 2, Dallas County, Texas.

> \* \* \*

> **If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case, you must make a written request for trial setting prior to the above date. Failure to request a trial setting in writing, prior to said date, will result in Dismissal.**

Harding and Martin filed answers on July 30, 1999. By September 2, 1999, Lopez had obtained service of process on all defendants. From August to October, the parties conducted discovery. Although Lopez requested a jury trial and paid a jury fee, he did not request in writing a trial setting. On October 29, 1999, the

trial judge signed an order, stating the case was dismissed for "[f]ailure to take action after notice of intent to dismiss for want of prosecution."

## STANDARD OF REVIEW

■ We review a trial judge's decision to dismiss a case for want of prosecution under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex.1997); *see Moffitt v. DSC Fin. Corp.*, 797 S.W.2d 661, 664 (Tex.App.—Dallas 1990), *writ denied*, 815 S.W.2d 551 (Tex. 1991) (per curiam). A trial judge abuses his discretion when he acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *See E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990).

## RULE 165a

In his sole issue on appeal, Lopez contends the trial judge abused his discretion in dismissing this case for want of prosecution. Lopez argues dismissal was not proper under rule 165a of the rules of civil procedure simply because he failed to request in writing a trial setting. Lopez further argues that the trial judge could not dismiss the case pursuant to the trial court's inherent authority because the notice of dismissal did not reference the court's inherent power to dismiss and the trial judge did not consider the proper factors, *i.e.,* whether the case was prosecuted with reasonable diligence.

■ The trial judge's authority to dismiss a case for want of prosecution derives from two sources: rule 165a of the Texas Rules of Civil Procedure and the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). Rule 165a provides that a case may be dismissed for want of prosecution when (i) any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or (ii) the case is not disposed of within the time standards promulgated by the Texas Supreme Court under its Administrative Rules. TEX.R. CIV. P. 165a(1), (2); *Villarreal*, 994 S.W.2d at 630.[1] In contrast, a trial judge may dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence.[2] *See Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976).

■ In this case, the trial court's dismissal notice stated the case was set for dismissal pursuant to rule 165a. Thus, although the notice instructed Lopez to request in writing a trial setting on or before October 29, 1999, the trial judge could dismiss this case only if (i) Lopez failed to appear for a hearing or trial of which he had notice or (ii) the case was not disposed of within the supreme court's administrative time standards. The trial court's dismissal order clearly stated the

---

1. The Rules of Judicial Administration provide that civil jury cases must be disposed of within eighteen months from the appearance date. TEX.R. JUD. ADMIN. 6.b(1), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon 1998).

2. In determining whether a party prosecuted his case with reasonable diligence, the judge may consider a variety of issues, including the entire history of the litigation, periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time. *See State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Frenzel v. Browning–Ferris Indus. Inc.*, 780 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1989, no writ); *Ozuna v. Southwest Bio–Clinical Labs.*, 766 S.W.2d 900, 901 (Tex.App.—San Antonio 1989, writ denied).

only reason for the dismissal was that Lopez failed "to take action after notice of intent to dismiss for want of prosecution." Because neither of the rule 165a grounds for dismissing a case for want of prosecution (failure of a party to appear for a hearing or trial of which he had notice or failure to dispose of a case within the supreme court's administrative time standards) is applicable to Lopez's case, we conclude the trial judge abused his discretion in dismissing the case. We sustain Lopez's sole issue.

In reaching this conclusion, we reject appellees' argument that the trial judge correctly dismissed this case pursuant to the court's inherent authority.[3] As noted previously, the dismissal notice clearly stated Lopez's case was "set for dismissal, *pursuant to Rule 165a.*" (Emphasis added.) When a court's dismissal notice indicates that a case may be dismissed under rule 165a, the trial judge abuses his discretion "by invoking [the court's] inherent authority to dismiss for failure to prosecute diligently." *Villarreal,* 994 S.W.2d at 632. Nevertheless, appellees contend the notice in this case permitted the trial judge to dismiss under the court's inherent authority because rule 165a(4) "speaks of the Trial Court's *inherent authority.*" Rule 165a(4) addresses cumulative remedies and provides that the "same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed." Tex.R. Civ. P. 165a(4); *see Maida v. Fire Ins. Exch.,* 990 S.W.2d 836, 840 (Tex.App.—Fort Worth 1999, no pet.). Therefore, although rule 165a(4) discusses the court's inherent au-

thority with respect to reinstatement of a dismissed case, it does not authorize dismissal of a case under the trial court's inherent authority. Such authority is established by common law. *Villarreal,* 994 S.W.2d at 630 (common law vests trial court with inherent power to dismiss when plaintiff fails to prosecute case).

We reverse the trial court's dismissal order and remand this cause for further proceedings.

---

**3.** We question whether a notice of intent to dismiss issued *four* days after the filing of a plaintiff's original petition could ever be the basis for dismissal under the court's inherent authority.