In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00071-CV

                                                ______________________________

 

 

                                GERALD WAYNE GEORGE,
Appellant

 

                                                                V.

 

                              THE STATE OF TEXAS, ET AL., Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                        Trial Court
No. 2009-126-A

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Gerald
Wayne George appeals the trial court’s order dismissing his suit[1]
for want of prosecution.   George’s
original petition was filed in the trial court March 26, 2009.  On May 31, 2011, the trial court entered an
order dismissing the suit.  The order of
dismissal recites that “notices of intention to dismiss the actions in this
cause for want of prosecution have been sent by this Court” to all parties and
their attorneys, if represented.   George
filed a motion to reinstate the case, but no written order was entered and the
motion was overruled by operation of law. 
Tex. R. Civ. P. 165a(3). 

            George’s
brief claims he was denied due process when the trial court dismissed his suit
without providing George notice of the intention to dismiss for want of
prosecution.[2]  We review a dismissal for want of prosecution
under a clear abuse of discretion standard; the central issue is whether the
plaintiff exercised reasonable diligence. 
MacGregor v. Rich, 941 S.W.2d
74, 75 (Tex. 1997).  The trial court
abuses its discretion when it acts without reference to any guiding rules or
principles. WMC Mortgage Corp. v. Starkey, 200 S.W.3d 749, 752 (Tex. App.—Dallas
2006, pet. denied) (citing Jimenez v.
Transwestern Prop. Co., 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.]
1999, no pet.)).

            Trial
courts have authority to dismiss for want of prosecution under either Texas Civil
Procedure Rule 165a or the court’s inherent power.  See Tex. R. Civ. P. 165a; Villarreal v. San Antonio Truck & Equip.,
994 S.W.2d 628, 630 (Tex. 1999).  A party
must be given notice and an opportunity to be heard before the trial court may
dismiss on either basis.  Villarreal, 994 S.W.2d at 630.  The notice must advise the party of the basis
for the potential dismissal.  3V, Inc. v. JTS Enters., Inc., 40 S.W.3d
533, 541 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing Villarreal, 994 S.W.2d at 632).  Notice that the court is considering dismissal
under Rule 165a does not constitute adequate notice that the court may exercise
its inherent authority to dismiss the case for want of prosecution.  Villarreal,
994 S.W.2d at 630; Lopez v. Harding,
68 S.W.3d 78, 79–80 (Tex. App.—Dallas 2001, no pet.) (court erred by dismissing
under inherent authority when notice referred only to Tex. R. Civ. P. 165a).

            George
is presently incarcerated in the Texas Department of Criminal Justice– Correctional
Institutions Division.  An inmate has a
constitutional right to access the civil trial courts, but that right is not
absolute or without limits.  In re Z.L.T., 124 S.W.3d 163, 165 (Tex.
2003).  “[A]n inmate does not have an
absolute right to appear in person in every court proceeding.”  Id.  

            George
filed a timely and verified motion to reinstate the case, alleging that he
received no notice from the trial court that the case was susceptible to being
dismissed for want of prosecution and that he received no notice the matter was
set for trial.[3]   If adequate notice of the trial court’s
intent to dismiss for want of prosecution is not given, reversal is required.  Villarreal,
994 S.W.2d at 630–31.  The record before
us shows no indication the trial court clerk sent George notice.   Before a trial court may properly dismiss a
case for want of prosecution, “[n]otice of the court’s intention to dismiss and
the date and place of the dismissal hearing shall be sent by the clerk to each
attorney of record.”  Tex. R. Civ. P. 165a(1); Ginn v. Forrester, 282 S.W.3d 430, 432
(Tex. 2009).[4]

            The
trial court’s judgment recites that notice of intent to dismiss for want of
prosecution was given to George, but the record does not contain any evidence
of such notice.  Since no hearing was
conducted on the motion to reinstate, we will remand for such a hearing.  In light of the requirements of Rule 165a,
the due process concerns at issue, and the silence of the trial court’s record,
we find the trial court abused its discretion in failing to hold a hearing on
the motion to reinstate.  Thordson v. Houston, 815 S.W.2d 550
(Tex. 1991).  This Court has held that
Rule 165a(3) requires that the court set a properly filed motion to reinstate
for a hearing; such rule is mandatory with the trial court having no discretion
about whether to set the motion for an oral hearing.  Matheson
v. Am. Carbonics, 867 S.W.2d 146, 147 (Tex. App.—Texarkana 1993, no pet.) (“Whether
or not the movant requests a hearing on a motion to reinstate is irrelevant.”).  

            We reverse the order overruling the
motion to reinstate, entered by operation of law, and  remand this case to the trial court to
conduct a hearing on the motion to reinstate in accordance with Texas Rule of
Civil Procedure 165a.  

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          December
19, 2011     

Date Decided:             January
13, 2012

 

 

 

 

 

 











[1]George’s
suit was against the State of Texas, in the person of the trial court and
prosecutor; and George’s trial attorney; George complained that when he pled
guilty to aggravated assault, the negotiated plea agreement stated his forty-year
sentence would run concurrently with a parole revocation for a Louisiana
conviction.  George alleged the sentences
were not run concurrently and he filed suit to enforce the contractual nature
of the plea agreement.    

 





[2]George
also presented other issues, but due to the resolution of this issue, they are
not discussed. 





[3]The
record does not indicate the matter was ever set for trial; there is indication
the case was called to the docket twice in 2009, with no answer; the trial
court’s order of dismissal states the matter was called for a dismissal for
want of prosecution hearing on May 31, 2011. 


 





[4]In
at least one case, the Texas Supreme Court has noted that the absence in the
record of indication the clerk’s office sent notice does not establish that notice
was not sent or was sent to the wrong address. 
Alexander v. Lynda’s Boutique,
134 S.W.3d 845, 849–50 (Tex. 2004).  That
case, though, involved a restricted appeal, where error must appear on the face
of the record.