**Affirm and Opinion Filed August 7, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00880-CV

### DARIN DERAIL HARRIS, Appellant
### V.
### PROSPERITY BANK, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-09835**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Molberg

Appellant Darin Harris appeals from the trial court's order dismissing his suit for want of prosecution. In his first two issues on appeal, liberally construed, Harris generally argues the trial court abused its discretion in dismissing his suit for want of prosecution. In his third issue, he argues reversal is required because the trial court improperly dismissed his suit under rule of civil procedure 165a.[1] We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] In a fourth issue, Harris complains certain documents (request for findings of fact and conclusions of law, motion to reinstate dismissed case, and proposed default judgment) are missing from the appellate record. A proposed default judgment, however, appears in the record before us. As to the other documents,

## Background

On August 18, 2022, Harris sued appellee Prosperity Bank, alleging the Bank misappropriated funds from his trust account. Harris, who is incarcerated, represented himself in the trial court and in this appeal. In his petition, Harris requested service of process generally without any further specification or instruction. The petition listed one of the Bank's branch locations as the Bank's address. The record reflects that citation issued that day but was ultimately returned unserved.

On November 26, 2022, the trial court notified Harris the suit was set for dismissal on December 28, 2022. The notice explained that, "[i]f no answer has been filed you are expected to have moved for a default judgment on or prior to the above stated date. Failure to move for a default judgment will result in the dismissal of the case on the above date." The notice further stated, "If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, either by appearance at the dismissal docket hearing or by a filed motion to retain the case on the docket, unless you have obtained a new setting from the court coordinator."

On December 22, 2022, Harris filed a motion to retain the case on the docket in which he stated his petition had requested service of process on the Bank. He also

---

Harris does not explain, nor do we discern, how any missing documents might affect our disposition. Thus, we overrule this issue. *See Burns v. Bishop*, 48 S.W.3d 459, 465 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

requested service of process pursuant to rule of civil procedure 14 but did not provide any additional information or instructions in support of this request. The trial court granted the motion to retain the case on its docket.

On December 28, 2022, the trial court again notified Harris the case was set for dismissal, this time for February 17, 2023; the notice included the same instructions recited above. On January 20, 2023, Harris filed a motion for service of process in which he requested that citations enclosed with his motion be served upon the Bank, as well as an individual Harris alleged was the Bank's president, at the address referenced in the original petition. On February 7, 2023, he filed a motion for enlargement of time, in which he stated he was trying to "diligently obtain service of process on the defendant." The trial court again ordered the case be retained on its docket.

On February 8, 2023, the trial court notified Harris the case was set for dismissal on March 17, 2023, again with the same instructions described in earlier notices.

On March 1, 2023, Harris filed a second motion for service of process, again requesting the constable serve enclosed citations upon Prosperity Bank or its president. The record reflects that, on May 8, 2023, citation issued but was again returned unserved. On May 22, 2023, Harris asked the trial court to retain his case on the docket, explaining he was still attempting to serve process.

On May 29, 2023, the court ordered the case be retained on the docket. On May 31, 2023, the trial court notified Harris the case was set for dismissal on July 14, 2023. The notice stated, "If no answer has been filed you are expected to have moved for a default judgment on or prior to the above stated date. Failure to move for a default judgment will result in the dismissal of the case on the above date." Harris filed a motion to abate this order, arguing he could not move for default judgment without first achieving service of process.

On August 2, 2023, the trial court denied Harris's motion to abate and signed an order dismissing Harris's suit for want of prosecution. This appeal followed.

## Discussion

As stated above, we will liberally construe Harris's first two issues to argue the trial court abused its discretion in dismissing his suit for want of prosecution.[2]

We review a dismissal for want of prosecution under a clear abuse of discretion standard. *Dixon v. AT&T Corp.*, No. 05-18-00593-CV, 2019 WL 1323964, at *2 (Tex. App.—Dallas Mar. 25, 2019, no pet.) (mem. op.). Thus, we consider whether the trial court acted without reference to any guiding rules and principles and will not reverse the trial court's order unless it was arbitrary or

---

[2] Harris stated these issues as follows in his brief: "whether a default judgment can be filed against a defendant when strict compliance of the rules has not been followed and defendant has not been served process to answer alleged claims"; and "whether it is abuse of discretion for trial court to propose Harris move for default judgment at the court's direction, and failure to move for default judgment will result in dismissal of the case on the above date for want of prosecution."

–4–

unreasonable. *Stone v. Cunningham*, No. 05-06-01151-CV, 2007 WL 1206677, at *1 (Tex. App.—Dallas Apr. 25, 2007, pet. denied) (mem. op.).

A dismissal based on lack of service is grounded in the court's inherent power to dismiss. *Gamboa v. Alecio*, 604 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Stone*, 2007 WL 1206677, at *1–2. The central issue in such a case is whether the plaintiff exercised reasonable diligence in prosecuting his suit. *Dixon*, 2019 WL 1323964, at *2 (citing *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam)). A pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied).

Here, the trial court first provided Harris notice his suit would be dismissed three months after the original petition was filed unless he moved for default judgment or filed a motion to retain the case on the docket to secure more time to obtain service of process. Thereafter, the trial court extended the time for Harris to serve process three times, ultimately giving him nearly a year to do so. While the record reflects Harris attempted to serve process, he was unsuccessful in doing so.

"Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation *as directed by the requesting party*. The party requesting citation *shall be responsible* for obtaining service of the citation and a copy of the petition." TEX. R. CIV. P. 99(a) (emphasis added). Under this rule, "it is the duty of the clerk both to issue citations and deliver them as directed by the

party requesting issuance," and "[t]he clerk does not complete his duty under the rule until he delivers the citations as directed." *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733–34 (Tex. App.—Dallas 2000, pet. denied). A party may ordinarily rely on the clerk to perform this duty within a reasonable time. *Id.* Ultimately, however, the duty to exercise diligence in ensuring that service is accomplished remains with the plaintiff. *De La Cerda v. Jaramillo*, No. 01-17-00595-CV, 2018 WL 1189065, at *5 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, no pet.) (mem. op.); *Boyattia*, 18 S.W.2d at 733 (noting plaintiff's duty to exercise diligence continues until service of process is achieved).

Nothing in the record shows that, over the course of the suit, Harris attempted to provide the clerk with sufficient information to accomplish service after the initial failure. Instead, it reflects that Harris doubled down on prior ineffective requests for service. Given this, we cannot conclude the trial court abused its discretion in dismissing Harris's suit for want of prosecution. *See Edison v. Houston Police Dep't*, No. 01-06-00552-CV, 2007 WL 1633911, at *1 (Tex. App.—Houston [1st Dist.] June 7, 2007, no pet.) (mem. op.) (concluding trial court did not abuse discretion in dismissing suit for want of prosecution when appellant failed to achieve service of process over course of year despite attempts at service because, "[w]ith diligence, [appellant] should have been able to determine well before [dismissal] that service not been completed and that he had not provided the clerk with correct service information"); *see also Stone*, 2007 WL 1206677, at *2 (concluding trial

court did not abuse discretion in dismissing suit for want of prosecution where the inmate did not diligently pursue service of process); *Allen v. Rushing*, 129 S.W.3d 226, 231 (Tex. App.—Texarkana 2004, no pet.) (concluding trial court did not abuse discretion in dismissing suit for want of prosecution when appellant failed to achieve service of process over course of year when appellant "should have been able to determine that the citation had not issued and service not completed because he had not provided the clerk with sufficient information"). Harris's first two issues are overruled.

In his third issue, Harris argues the trial court improperly dismissed his suit pursuant to rule of civil procedure 165a. *See* TEX. R. CIV. P. 165a (providing a case may be dismissed for want of prosecution when (i) any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or (ii) the case is not disposed of within the time standards promulgated by the Texas Supreme Court under its Administrative Rules). He relies on two prior decisions of this Court.

In the first case, *Lopez v. Harding*, 68 S.W.3d 78, 79 (Tex. App.—Dallas 2001, no pet.), the trial court sent the appellant a notice his case was set for dismissal "pursuant to Rule 165a, Texas Rules of Civil Procedure[.]" The notice stated, among other things, "Failure to request a trial setting in writing, prior to [a certain date], will result in dismissal. *Id.* at 79. Although the appellant requested a jury trial, he did not do so in writing, and the trial court eventually dismissed the case because the appellant failed to "take action after notice of intent to dismiss for want of

prosecution." *Id.* at 80.  As pertinent here, the Court concluded that, because the notice of dismissal referenced only rule 165a, the trial court could not rely on its inherent authority in dismissing the case.  *Id.*

Similarly, in *Reyna v. Mitchell*, No. 05-07-01259-CV, 2008 WL 5062954, at *2 (Tex. App.—Dallas Dec. 2, 2008, no pet.) (mem. op.), the trial court's dismissal hearing notice referenced only rule 165a.  We concluded that dismissal under rule 165a was improper under the circumstances present in that case.  *Id.*  Further, "[b]ecause the dismissal notice stated the case was set for dismissal pursuant to rule 165a, dismissal for failure to prosecute this case diligently pursuant to the trial court's inherent authority was not authorized."  *Id.*

Here, by contrast, each of the trial court's dismissal hearing notices referenced "the inherent power of the court," in addition to rule 165a, as the basis for dismissal. The order of dismissal stated, in pertinent part, "It is therefore ordered, adjudged, and decreed by the court that the case is hereby dismissed for want of prosecution."[3] Thus, the dismissal hearing notices did not inhibit the trial court here, as they did in *Lopez* and *Reyna*.  We conclude the trial court acted within its inherent authority in dismissing the case.  Harris's third issue is overruled.

---

[3] Harris contends the order specifically referred to rule 165a, but this is not correct.  Although a notice of the order of dismissal sent by the clerk to Harris referenced rule 165a, Harris makes no argument why this notice controls over the plain language of the order of dismissal.

**Conclusion**

Having overruled Harris's appellate issues, we affirm the trial court's order of dismissal. All pending motions are dismissed as moot.

/Ken Molberg/

KEN MOLBERG

230880F.P05                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DARIN DERAIL HARRIS,
Appellant

No. 05-23-00880-CV      V.

PROSPERITY BANK, Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-09835.
Opinion delivered by Justice
Molberg. Justices Nowell and
Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 7th day of August 2024.