**Reversed and Remanded and Memorandum Opinion filed August 27, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00790-CV

---

### MIDWAY HOSPITALITY, L.P., Appellant

### V.

### BERRYHILL HOT TAMALES CORP., Appellee

---

**On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court Cause No. 21-001851-CV-272**

---

## M E M O R A N D U M   O P I N I O N

Appellant Midway Hospitality, L.P. ("Midway") appeals from the trial court's dismissal for want of prosecution, arguing the dismissal was contrary to the requirements of Texas Rule of Civil Procedure 165 and the plain language of the trial court's order. *See* Tex. R. Civ. P. 165a. We reverse and remand.

### BACKGROUND

Midway served appellee Berryhill Hot Tamales Corp. ("Berryhill") in the instant lawsuit on January 31, 2021, creating an appearance date for Berryhill of

February 22, 2022. Berryhill filed its answer and counterclaim on February 18, 2022. The trial court then set the case on the dismissal docket for July 28, 2022. The notice of intent to dismiss for want of prosecution read as follows:



Pursuant to Texas Rule of Civil Procedure 165a and Local Rule 3.22, you are hereby notified that this case is set for DISMISSAL FOR WANT OF PROSECUTION on **July 28, 2022** ("submission date:) unless one of the following actions checked below is taken prior to said submission date:

   X     have Defendant(s) served with process; AND

   X     file Business Records Affidavit in the proper form and content to comply with statutory requirements; AND

   X     an Agreed Order, Motion for Default Judgment, Final Decree, Judgment or Dismissal has been filed and signed by this Court; AND/OR

   X     a setting request to set the case for hearing/trial/default has been filed; *This Setting Request form can be obtained at brazoscountytx.gov (Government; Courts; Forms)*

As shown above, every box on the form was checked by the trial court. For our purposes, the final selection is the focus of our analysis. Midway filed requests for a bench trial on July 26, 2022 and July 27, 2022, and Berryhill filed a response.

On July 29, 2022, the trial court issued a dismissal order, stating that:

> On July 28, 2022, the court reviewed the case file, and made the following findings and orders:
>
> The Court has previously given Notice of Disposition Deadline to all parties of record and its intent to dismiss this case for want of prosecution on July 28, 2022. The Court finds that the required action was not accomplished and no good cause was shown in writing why the case should not be dismissed.
>
> IT IS THEREFORE ORDERED that this case be and is hereby DISMISSED FOR WANT OF PROSECUTION. (Tex. R. Civ. Pro. Rule 165a). Any party may file a verified motion to reinstate this case within thirty (30) days from the date this Order is signed in accordance

with Rule 165a(3) of the Texas Rules of Civil Procedure. On August 19, 2022, Midway filed a motion to reinstate. On October 3, 2022, the trial court held a hearing. Midway did not request findings of fact or conclusions of law. On October 10, 2022, the trial court denied Midway's motion to reinstate.[1]

On August 30, 2023, the trial court dismissed the remaining claims in the underlying lawsuit and entered a final judgment. This appeal was then timely filed with the Tenth Court of Appeals and transferred to this court by Texas Supreme Court Transfer Order.[2]

## ANALYSIS

On appeal, Midway contends the trial court acted contrary to the requirements of Rule 165a and the plain language of its own order by dismissing Midway's case for want of prosecution. *See* Tex. R. Civ. P. 165a.

A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Gamboa v. Alecio*, 604 S.W.3d 513, 515 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)). Under Rule 165a, a trial court may dismiss a case for want of prosecution if a party seeking affirmative relief fails to appear for a hearing or trial of which the party had notice, or if the party seeking affirmative relief fails to get its case resolved within the time standards established by the Supreme Court of Texas. *See* Tex. R. Civ. P. 165a(1), (2). A trial court may also dismiss a

---

[1] We need not consider any of Midway's arguments concerning the motion to reinstate because this motion was not required by the Rules and is not necessary to the disposition of the appeal. *See* Tex. R. App. P. 47.1.

[2] Because of the transfer, we must decide the case in accordance with the precedent of the Tenth Court of Appeals if our decision otherwise would have been inconsistent with that court's precedent. *See* Tex. R. App. P. 41.3.

case via its inherent authority when a plaintiff fails to prosecute its case with due diligence. *See Gamboa*, 604 S.W.3d at 515. In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for the delay. *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). We review each type of dismissal for an abuse of discretion. *Id.* A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Id.*

Midway argues that, because it filed setting requests on July 26 and July 27, 2022, it complied with the trial court's notice of intent to dismiss for want of prosecution. Although the final dismissal order only referenced non-compliance with Supreme Court of Texas time standards under Rule 165a., Berryhill argues that the order also encompassed dismissal under the trial court's inherent authority.

A trial court has the inherent authority to dismiss a case that has not been diligently prosecuted. *Gamboa*, 604 S.W.3d at 515. However, a party must be provided with adequate notice of the trial court's intent to dismiss for want of prosecution, *i.e.*, for failure to diligently prosecute the case, instead of for a violation of Rule 165a(1) or (2). *Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Lopez v. Harding*, 68 S.W.3d 78, 79 (Tex. App.—Dallas 2001, no pet.). Notice that a case may be dismissed for failure to file a setting request or failure to appear at a hearing, as authorized by Rule 165a, does not constitute adequate notice that the trial court may exercise its inherent authority to dismiss a case for want of prosecution. *Villarreal*, 994 S.W.2d at 630; *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 88 (Tex. App.—Fort Worth 2002, pet. dism'd); *Lopez*,

4

68 S.W.3d at 79; *see also Henderson v. Blalock*, 465 S.W.3d 318, 321 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("If the trial court does not enter findings of fact or conclusions of law, and the trial court's order dismissing a case for want of prosecution *does not specify a particular reason for the dismissal . . .* we will affirm if any proper ground supports the dismissal.") (emphasis added).

Nothing in the trial court's notice of dismissal provided Midway with notice that the trial court was contemplating dismissal based on its inherent authority. Rather, the notice of dismissal explicitly states that potential dismissal is "pursuant to Rule 165a" and provides actions through which Midway could avoid dismissal.

Midway complied with the Supreme Court of Texas time standards by filing a setting request before the July 28, 2022 deadline. Therefore, we hold that the notice of dismissal was not adequate to apprise Midway that its lawsuit could be dismissed and conclude the trial court inappropriately dismissed the case under the authority of Rule 165a. *Villarreal*, 994 S.W.2d at 630; *Johnson-Snodgrass*, 75 S.W.3d at 88; *Lopez*, 68 S.W.3d at 79.

## CONCLUSION

We reverse the trial court's judgment, order Midway's lawsuit reinstated, and remand this case to the trial court for further proceedings.

/s/ Meagan Hassan
Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan.

5