

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00195-CV

_____

RASHAAN CUNNINGHAM, Appellant

V.

GERALD JEROME SMITH SR., Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-355116-24

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant Rashaan Cunningham, acting pro se, appeals the trial court's order dismissing for want of prosecution his legal-malpractice lawsuit against Appellee Gerald Jerome Smith Sr.[1] On appeal, Cunningham argues in two issues that the trial court (1) violated his due-process rights by failing to consider his motion to retain the case on the docket and (2) abused its discretion by dismissing the case for want of prosecution.[2] Because Cunningham waived his due-process complaint by failing to

---

[1]After Cunningham filed his initial brief in July 2025, we sent him a notice pointing out that his brief was deficient in certain respects and requesting that he file a corrected brief. Cunningham filed a "Motion for Extension of Time" and tendered an amended brief on August 1, 2025. We granted the requested extension and ordered that Cunningham's amended brief was deemed to be filed on August 5, 2025. Subsequently, Cunningham filed a "Motion to Correct Defects in the Appellate Record" in which he asks us to "resolve the [a]ppeal on the merits of the amended [a]ppellant's [b]rief ordered filed by the [c]ourt." We grant this motion and will decide this appeal based on the issues raised in Cunningham's amended brief.

[2]Although Cunningham listed only his due-process complaint in his brief's "Issues Presented" section, he also argued in his brief's "Argument and Legal Authorities" section that "[t]he trial court abused its discretion by failing to retain the case." Liberally construing Cunningham's brief, we conclude that he has fairly raised a complaint that the trial court abused its discretion by dismissing the case, and we will therefore address this argument. *See Perry v. Cohen*, 272 S.W.3d 585, 587–88 (Tex. 2008) ("[W]e liberally construe issues presented to obtain a just, fair, and equitable adjudication of the rights of the litigants." (quoting *El Paso Nat. Gas v. Minco Oil & Gas*, 8 S.W.3d 309, 316 (Tex. 1999))); *see also Gray v. Crosby*, No. 02-24-00336-CV, 2024 WL 5083190, at *3 n.3 (Tex. App.—Fort Worth Dec. 12, 2024, no pet.) (mem. op.) (liberally construing appellant's brief as raising two issues even though her brief only enumerated one because her brief's argument and statement-of-facts sections "flesh[ed] out her single issue" and fairly raised both arguments); *Espinoza Valle v. Hertz Elec., LLC*, No. 03-20-00056-CV, 2021 WL 1991268, at *2 n.3 (Tex. App.—Austin May 19, 2021, no pet.) (mem. op.) (liberally construing appellants' brief and addressing "issue as stated and fairly raised" in the brief's argument section as

raise it in the trial court and because he has not shown that the trial court abused its discretion by dismissing the case, we affirm.

## I. BACKGROUND

In July 2024, Cunningham, who at all relevant times in this case has been incarcerated, filed a pro se petition asserting a claim for legal malpractice against Smith, his former criminal-law attorney. The record does not reflect that Smith was ever served with citation, and he never filed an answer.

In December 2024, the trial court sent Cunningham a Notice of Intent to Dismiss for Want of Prosecution stating as follows:

> In accordance with Tex. R. Civ. P. 165a and the Court's inherent power to dismiss for want of prosecution, the Court is setting this case on the **March 12, 2025, dismissal docket at 1:30 p.m.**
>
> Therefore, it is **ORDERED** that this case is set on the **March 12, 2025, dismissal docket at 1:30 p.m.**, at which time it will be dismissed for want of prosecution unless good cause exists for it to be retained. **Any motion to retain must be filed on or before March 5, 2025, at 5:00 p.m.** and set forth the status of the case, together with any other good cause for retaining the case on the docket. A proposed order retaining the case on the docket should be submitted along with the motion to retain.

Cunningham submitted a motion to retain the case on the trial court's docket, but it was not received and file-stamped by the clerk until March 10, 2025—five days after the deadline set forth in the dismissal notice.

---

opposed to limiting analysis to the narrowly framed issue as stated in the brief's "issues presented" section).

3

On March 12, 2025, the trial court called the case on the dismissal docket and received no response. Because no parties or party representatives appeared at the dismissal hearing, the trial court dismissed the case for want of prosecution.

This appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review a trial court's dismissal of a case for want of prosecution under an abuse-of-discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

### B. Trial Court's Authority to Dismiss for Want of Prosecution

A trial court derives its authority to dismiss a suit for want of prosecution from two independent sources: (1) Texas Rule of Civil Procedure 165a and (2) a trial court's inherent power to maintain and control its own docket. *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.). Under Rule 165a,

4

a trial court may dismiss a case based on either the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or the case's failure to be "disposed of within time standards promulgated by the Supreme Court." Tex. R. Civ. P. 165a(1), (2). The common law vests a trial court with the inherent power to dismiss independently of the procedural rules when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630; *Sellers*, 199 S.W.3d at 390–91. Each of these three dismissal grounds—Rule 165a(1), Rule 165a(2), and inherent authority—provides an independent basis on which a trial court may dismiss a case for want of prosecution. *Mondragon v. Collins*, No. 02-21-00400-CV, 2022 WL 3273599, at *3 (Tex. App.—Fort Worth Aug. 11, 2022, no pet.) (mem. op.); *Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782, at *2 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.); *Cummings v. Billman*, 634 S.W.3d 163, 168 (Tex. App.—Fort Worth 2021, no pet.) (mem. op.).

But a party must be given notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority. *Villarreal*, 994 S.W.2d at 630; *see* Tex. R. Civ. P. 165a(1) ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing must be sent by the clerk to the parties . . . ."). A trial court's failure to provide adequate notice of its intent to dismiss for want of prosecution requires reversal. *Villarreal*, 994 S.W.2d at 630. Accordingly, a trial court abuses its discretion if it dismisses a case on a ground

5

for which it did not provide notice. *See id.* at 632; *Lopez v. Harding*, 68 S.W.3d 78, 80–81 (Tex. App.—Dallas 2001, no pet.).

## C. Due Process

In his first issue, Cunningham complains that the trial court violated his due-process rights by failing to consider his motion to retain the case on the docket because it was untimely filed.[3] He asserts that because he delivered his motion to the prison-system mailroom on March 3, 2025—i.e., two days before the filing deadline—and the motion was received by the court clerk "not more than ten days tardily," the trial court should have deemed it as timely filed. *See* Tex. R. Civ. P. 5; *see also Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (recognizing that the "mailbox rule" applies when filings are timely delivered to "the United States Postal Service for most litigants or the prison[-]system mailroom for pro se prisoners"). According to Cunningham, because his motion was timely filed, the trial court violated his due-process rights by failing to consider it. But Cunningham waived his due-process complaint by failing to file a motion to reinstate his case.

If a party "has the time and opportunity" to file a motion for reinstatement that could raise an error in the dismissal process, but he fails to file such a motion, then he has waived any due-process error associated with the dismissal. *Wright v. Tex. Dep't of*

---

[3]In its dismissal order, the trial court found that "there is no good cause for th[e] case to be maintained on the docket" and that "no motion to retain was filed by the deadline set forth in the [dismissal notice]."

*Crim. Justice–Inst'l Div.*, 137 S.W.3d 693, 695–96 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also People Priority Sols., LLC v. McIlveen Real Est. & Mgmt., Inc.*, 05-21-00409-CV, 2022 WL 3584630, at *3 (Tex. App.—Dallas Aug. 22, 2022, no pet.) (mem. op.); *Harberson v. Strickland*, No. 01-18-00290-CV, 2020 WL 1173711, at *4 (Tex. App.—Houston [1st Dist.] Mar. 12, 2020, no pet.) (mem. op.); *Bechem v. Reliant Energy Retail Servs., LLC*, No. 01-18-00878-CV, 2019 WL 4065274, at *4 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, pet. denied) (mem. op. on reh'g). As one of our sister courts has succinctly explained:

> Texas Rule of Civil Procedure 165a provides a procedure for reinstatement of a case dismissed for want of prosecution: the party or its attorney can file and serve a verified motion within thirty days explaining why the case should be reinstated; the trial court must set a hearing on the motion as soon as practicable and send notice to all parties or their attorneys of record of the date, time and place of the hearing; and the trial court must reinstate the case if it finds "after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a.3.

*In re B.S.C.*, No. 14-22-00451-CV, 2023 WL 2711348, at *2 (Tex. App.—Houston [14th Dist.] Mar. 30, 2023, no pet.) (mem. op.). Thus, if a party learns of the dismissal of his case within thirty days but fails to file a reinstatement motion, he waives any due-process complaints associated with the dismissal. *See id.*; *People Priority Sols., LLC*, 2022 WL 3584630, at *3–4.

Here, the record reflects that the trial court's dismissal order was signed on March 12, 2025, and that Cunningham's notice of appeal was received by the court on

April 9, 2025.[4] Thus, it is undisputed that Cunningham learned of the dismissal within the thirty-day timeframe to file a motion to reinstate. *See B.S.C.*, 2023 WL 2711348, at *2; *People Priority Sols., LLC*, 2022 WL 3584630, at *4. If he had filed such a motion, he could have developed facts regarding the timeliness of his motion to retain,[5] and the trial court would have had the opportunity to correct any error. *See People Priority Sols., LLC*, 2022 WL 3584630, at *4. By failing to file a motion to reinstate the case, Cunningham waived his due-process complaint. *See id.* (citing *Wright*, 137 S.W.3d at 696).

We overrule Cunningham's first issue.

## D. Abuse of Discretion

In his second issue, Cunningham contends that the trial court abused its discretion by dismissing his case for want of prosecution. We disagree.

Because the dismissal notice apprised Cunningham of the trial court's intent to dismiss his case on all three independent grounds and because the dismissal order did

---

[4]Cunningham incorrectly sent his notice of appeal to this court instead of to the trial court, but this error has no bearing on our analysis.

[5]Although Cunningham maintains that he timely delivered his motion to the prison-system mailroom, there is nothing in the appellate record to support this claim. Instead, he relies on an exhibit attached to his brief to prove his motion's timely delivery, but we may not consider such outside-the-record documents. *See, e.g.*, *Greystar, LLC v. Adams*, 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet.) ("It is well-established an appellate court may not consider matters outside the record, which includes documents attached to a brief as an exhibit or an appendix that were not before the trial court.").

not specify the particular grounds on which it was based, he was required to address and negate all three independent grounds on appeal. *See Mondragon*, 2022 WL 3273599, at \*3 (citing *Brown*, 2022 WL 2071782, at \*3). But he has failed to do so. Indeed, Cunningham's appellate brief does not address—much less negate—any particular dismissal ground. In any event, because the record reflects that Cunningham failed to appear at the dismissal hearing despite receiving proper notice[6] and that he had not yet effected service on Smith even though the case had been pending for nearly eight months, we cannot conclude that the trial court abused its discretion by dismissing the case under either Rule 165a(1) or its inherent authority. *See Morales v. Candlewood Suites Hotels*, No. 02-22-00373-CV, 2009 WL 10817246, at \*3 & n.7 (Tex. App.—Fort Worth Nov. 9, 2023, no pet.) (mem. op.) (holding that because incarcerated appellant had failed to appear at dismissal hearing despite having received notice of it, the trial court did not abuse its discretion by dismissing his case for want of prosecution under Rule 165a(1) and further noting that because appellant had failed to attempt proper service on any of the defendants even though the case had been pending for nearly eight months, dismissal under the trial court's inherent authority was also appropriate); *see also Risley v. Alvarez*, No. 14-10-00015-CV, 2011 WL 397948, at \*4 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, pet. denied) (mem. op.) (holding

---

[6]Cunningham does not assert—nor does the record reflect—that he notified the trial court that he could not appear at the dismissal hearing because he was incarcerated or that he requested to appear by alternate means.

that appellant inmate's failure to procure the issuance and service of citation on defendants for over nine months showed that appellant did not exercise diligence in prosecuting his case and that, therefore, the trial court acted within its discretion by dismissing his case for want of prosecution); *Lewis v. Dretke*, No. 2-05-187-CV, 2005 WL 2692069, at *1 (Tex. App.—Fort Worth Oct. 20, 2005, pet. transferred to Court of Criminal Appeals Apr. 7, 2006) (per curiam) (mem. op.) (concluding that trial court did not abuse its discretion by dismissing inmate's case for want of prosecution when no citation was requested and no attempts at service were made for approximately 11 months).

We overrule Cunningham's second issue.

## III. CONCLUSION

Having overruled both of Cunningham's issues, we affirm the trial court's dismissal order.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: February 26, 2026